IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREEMAN WILLIAM MAY, | Civil Action No. 16 – 130 |
| Plaintiff, | |
| v. | District Judge Nora Barry Fischer |
| | Magistrate Judge Lisa Pupo Lenihan |
| HONORABLE JUDGE JOHN C. TYWALK, *et al.*, | |
| Defendants. | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the following reasons, it is respectfully recommended that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this case be dismissed for failing to raise a claim that is cognizable in a civil rights action, and it is further recommended that Plaintiff's claim for damages be denied pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

## II. REPORT

Plaintiff is a former capital inmate who, in April 2014, had his death sentence vacate after Defendant Judge Tywalk found he was incompetent to proceed. The following background is taken from the Memorandum dated January 30, 2014, in May v. Wetzel, C.A. No. 3:12-cv-02572 (Doc. No. 22), initiated by Plaintiff in the United States District Court for the Middle District of Pennsylvania on December 20, 2012.

> Petitioner [Freeman William May] was first convicted and sentenced to death in March 1991 in the Court of Common Pleas of Lebanon County, Pennsylvania. On direct appeal, the Pennsylvania Supreme Court affirmed the

1

conviction but vacated the death sentence and remanded it for a new sentencing trial. Commonwealth v. May, 656 A.2d 1335 (Pa. 1995). Following a second sentencing trial in December 1995, Petitioner was again sentenced to death. Commonwealth v. May, 710 A.2d 44 (Pa. 1998). The Pennsylvania Supreme Court affirmed the sentenced on direct appeal. Id. Petitioner then sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), *see* 42 Pa. Cons. Stat. Ann. §§ 9541, *et seq*. In May 2006, the Pennsylvania Supreme Court affirmed his conviction, but vacated Petitioner's sentence and ordered a third sentencing trial. Commonwealth v. May, 889 A.2d 559 (Pa. 2006). In October 2008, Petitioner was again sentenced to death in Lebanon County Court. Commonwealth v. May, 31 A.3d 668 (Pa. 2011). On November 23, 2011, the Pennsylvania Supreme Court affirmed Petitioner's sentence. Id. Petitioner's timely petition for certiorari review was denied on October 1, 2012. May v. Pennsylvania, 133 S. Ct. 190 (2012).

On December 20, 2012, Petitioner filed, in this court a motion for leave to proceed *in forma pauperis* and for appointment of federal habeas corpus counsel. (Doc. No. 1.) On January 3, 2013, the court granted the motion, (Doc. No. 3), and issued a scheduling order directing Petitioner to file a petition for habeas corpus relief on or before July 1, 2013. (Doc. No. 2). By order dated January 23, 2013, Petitioner's motion for a stay of execution was granted. (Doc. No. 8.)

Before his habeas petition was due, Petitioner requested two extensions of time in which to file the petition, (Doc. Nos. 9, 14), which were granted, (Doc. Nos. 10, 16), respectively. Thereafter, Petitioner filed his habeas petition on September 13, 2013. (Doc. No. 17.) On that same date, Petitioner requested an extension of time in which to file his memorandum of law in support of his habeas petition. (Doc. No. 18.) By order dated September 13, 2013, the court granted that motion. The supporting memorandum was due on or before November 12, 2013. (Doc. No. 19.)

On October 16, 2013, Respondent filed the instant motion to stay the federal proceedings in order to permit Petitioner to properly exhaust his state court remedies. (Doc. No. 20.) In this motion, Respondent informs the court that Petitioner is also the subject of a new PCRA petition timely filed in state court on or about August 19, 2013. (Id.) On September 25, 2013, the state trial court provided Petitioner with sixty (60) days from that date to file an amended PCRA petition. (Id.)

On November 8, 2013, counsel for Petitioner filed a status report, (Doc. No. 21), with the court. In this report, counsel indicates its concurrence in the Respondent's motion to stay and indicated that, in light of the motion to stay, it did not intend to file its memorandum of law in support of its habeas petition on November 12, 2013, as previously ordered unless otherwise directed to do so by the court.

2

In an Order dated January 30, 2014, the Middle District dismissed the habeas case, denied the motion to stay, lifted the stay of execution and dismissed the petition for writ of habeas corpus without prejudice to re-filing once Plaintiff had properly exhausted his state court remedies. May v. Wetzel, C.A. No. 3:12-cv-02572 (M.D. Pa.) (Doc. No. 23).

Following an April 17, 2014 hearing before Judge Tylwalk, presumably in connection with Plaintiff's PCRA proceedings, Plaintiff's death sentence was vacated after Judge Tylwalk found Plaintiff "not competent to proceed". However, as part of the agreement, Plaintiff did not have to withdraw his appeals or federal habeas case. *See* Plaintiff's Complaint, ECF No. 3.

In this action, Plaintiff appears to be challenging his attorneys' failure to move to reopen his federal habeas case in the Middle District of Pennsylvania after he was resentenced to life imprisonment without the possibility of parole. In addition, Plaintiff alleges that his attorneys, who are defendants in this action, went against his wishes when they requested to have a legal guardian appointed for him, failed to challenge his sentence on the basis that he is innocent instead of incompetent, and abandoned him after the offer of life imprisonment was accepted. The undersigned recommends that this action be dismissed for the following reasons.[1]

---

[1] This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Under the PLRA, courts have an affirmative duty to screen and review prisoner complaints filed by inmates who seek leave to proceed *in forma pauperis*. 28 U.S.C. § 1915A. Federal courts are granted the authority to *sua sponte* dismiss claims in *in forma pauperis* proceedings if the court determines that a claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(i)-(iii). Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in the PLRA.

First, Plaintiff is not foreclosed from filing a *pro se* motion to reopen his federal habeas proceedings or from filing another habeas petition in the Middle District as his first petition was dismissed without prejudice to him re-filing. While it is unknown to this Court whether such proceedings would be timely under the AEDPA, Plaintiff may want to challenge a time-bar issue by raising the aforementioned ineffective assistance claim for his attorneys' failure to move to reopen that case once his state PCRA proceedings had concluded. Whether such a claim would be sufficient to equitably toll the AEDPA statute of limitations is not for this Court to decide and this Court will not opine on such a matter.

Second, Plaintiff may not seek the relief he is requesting through a civil rights complaint. A civil rights complaint is the proper remedy for a prisoner who is seeking redress for a purported violation related to prison conditions. Preiser v. Rodriguez, 411 U.S. 475, 484 (1983). Plaintiff, however, appears to challenge his judgment of sentence, which he must do through a habeas corpus petition.[2] The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Learner v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Here, Plaintiff is seeking relief that is only available in a habeas proceeding or relief in the form of a habeas proceeding. For this reason, this case should be dismissed for failing to raise a claim that is cognizable in a civil rights action.

Finally, Plaintiff's request compensatory and punitive damages are barred under Heck v. Humphrey, 512 U.S. 477 (1994), which held that "to recover damages for allegedly

---

[2] At the very least, Plaintiff is challenging matters that indirectly impact his judgment of sentence.

unconstitutional conviction and imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by the federal court's issuance of a writ of habeas corpus[.]" Id. at 486-87 (footnote and citation omitted).

### III. **CONCLUSION**

For the aforementioned reasons, it is respectfully recommended that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this case be dismissed for failing to raise a claim that is cognizable in a civil rights action, and it is further recommended that Plaintiff's claim for damages be denied pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 4, 2016.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Freeman William May
AK-7516
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17688-1021